The plaintiff, an inmate at the Massachusetts Correctional Institution at Norfolk (MCI-Norfolk), filed suit under 42 U.S.C. § 1983 against the health services administrator of MCI-Norfolk, claiming that she failed to take appropriate action to remedy the plaintiff's complaint of itchiness caused by his prison-issue blanket. After a Superior Court judge construed the complaint to be seeking judicial review of the denial of an inmate grievance, see G. L. c. 127, § 38H, the defendant filed the administrative record, and the parties cross-moved for judgment on the pleadings. A different judge then held a hearing on the motions, after which she ordered that judgment enter for the defendant. The plaintiff appeals.
We review inmate grievance appeals under the standards set out in G. L. c. 30A, § 14(7). See G. L. c. 127, § 38H ; Grady v. Commissioner of Correction, 83 Mass. App. Ct. 126, 131-132 (2013).[3] To obtain relief under that statute, the party appealing an agency decision must show that his "substantial rights" have been prejudiced because the decision is in violation of constitutional provisions, legally erroneous, made on unlawful procedure, unsupported by substantial evidence, arbitrary or capricious, or an abuse of discretion. G. L. c. 30A, § 14(7), as appearing in St. 1973, c. 1114, § 3. The plaintiff failed to meet this burden.
The gist of the plaintiff's complaint is that the defendant acted with deliberate indifference to his serious medical needs by denying his request for a "medical blanket" to alleviate the itching allegedly caused by his prison-issue blanket. In her decision denying the request, the defendant advised the plaintiff that "[t]here are no medical blankets," that "[a]ll the state issued blankets are polyester," and that she "do[es] not have control over the blankets," which "is a [Department of Correction] issue." The defendant further advised, "If you develop a skin condition, please submit a sick slip for evaluation and treatment." The plaintiff appealed to the grievance appeals coordinator, who issued a decision confirming that the plaintiff would "need to address [his] complaint concerning blankets with the [Department of Correction]" and "encourag[ing] [him] to follow" the defendant's advice "to submit a sick call slip ... if needed."[4]
These facts do not establish that the defendant violated the plaintiff's substantial rights. The defendant was responsive to the plaintiff's grievance, informing him that the blankets were controlled by the Department of Correction and advising him to submit a sick call slip. We see nothing in the record suggesting that the defendant's decision was contrary to law, based on insufficient evidence or improper procedure, or otherwise arbitrary or capricious or an abuse of discretion. Thus, no ground exists to permit us "to set aside or modify the decision." G. L. c. 30A, § 14(7), as appearing in St. 1973, c. 1114, § 3.
For similar reasons, to the extent the plaintiff is pressing his claim under 42 U.S.C. § 1983, he failed to allege sufficient facts to establish that the defendant was deliberately indifferent to his serious medical needs. To prove deliberate indifference, the plaintiff would have to show that the defendant's decision constituted "an unnecessary and wanton infliction of pain," "repugnant to the conscience of mankind." Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). See Langton v. Commissioner of Correction, 34 Mass. App. Ct. 564, 573 (1993) ; Torraco v. Maloney, 923 F.2d 231, 235 (1st Cir. 1991) ; DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991). Even accepting the allegations of the complaint as true, the plaintiff has no plausible claim that the defendant acted with culpability rising to this level.
Judgment affirmed.

Because the defendant does not argue the issues, we do not decide whether the plaintiff's claims are timely under G. L. c. 127, § 38H, or whether he has named the proper defendant.

The plaintiff alleges in his complaint that he later submitted a sick call slip asking to be tested for allergies, but the defendant "deliberately ignored" his request. The administrative record does not support his allegation, however; it contains no indication of what transpired after the plaintiff submitted the sick call slip.